67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Corazon Samadan MCDONALD, aka Corazon Samadan Lamb, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70112.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Sept. 22, 1995.
 
 1
 Before: BEEZER and THOMPSON, Circuit Judges, and EZRA, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Corazon Samadan Lamb, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("Board") denial of her motion to reopen deportation proceedings to allow her to seek suspension of deportation pursuant to 8 U.S.C. Sec. 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition.
 
 
 4
 * We review Board denials of motions to reopen for abuse of discretion. INS v. Rios-Pineda, 471 U.S. 444, 449-50 (1985). Under the abuse of discretion standard, the decision of the Board "will be upheld unless it is arbitrary, irrational, or contrary to law." Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir.1994).
 
 
 5
 The Board may deny a motion to reopen on any one of three independent grounds: (1) "failure to establish a prima facie case for the relief sought," (2) "failure to introduce previously, unavailable, material evidence," and (3) "a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought." INS v. Doherty, 502 U.S. 314, 323 (1992). The Board here concluded that Lamb had failed to establish a prima facie case for suspension of deportation.
 
 
 6
 To receive a suspension of deportation, a petitioner must meet three requirements: (1) continuous physical presence in the United States for seven years preceding filing of the application; (2) good moral character during such period, and (3) "extreme hardship" to the alien or the alien's United States citizen or permanent resident spouse or children. 8 U.S.C. Sec. 1254(a)(1). The Board concluded that Lamb had failed to establish a prima facie case of suspension of deportation because she did not establish extreme hardship. Lamb challenges that conclusion.
 
 II
 
 7
 The Board's denial of Lamb's motion to reopen was not an abuse of discretion. The Board fully considered the hardship to Lamb, her mother and husband in concluding that none would suffer extreme hardship if Lamb was deported. In concluding that Lamb would not suffer extreme hardship if deported, the Board considered the economic conditions of the Philippines. Although economic hardship does not itself constitute extreme hardship under the statute, the Board properly considered economic hardships as a factor in making its determination. Carnalla-Munoz v. INS, 627 F.2d 1004, 1006 (9th Cir.1980). The Board properly examined Lamb's education, work experience and support from her husband in concluding that economic conditions and employment opportunities did not rise to the level of extreme hardship. The Board also concluded that Lamb's separation from her family did not rise to the level of extreme hardship. Although recognizing that the separation would be emotionally difficult, the Board considered that she was separated from her mother for five years prior to her mother's immigration and was subject to deportation prior to her marriage. Further, she will be reunited with her children upon return to the Philippines.
 
 
 8
 In concluding that Lamb's husband would not suffer extreme hardship if Lamb was deported, the Board fully considered Mr. Lamb's age, health and emotional bond with his wife. The Board concluded, however, that in light of his familial support and the fact that at the time of the marriage he was aware of the deportation proceeding, Mr. Lamb's hardship was not extreme.
 
 
 9
 Finally, the Board considered the hardship to Lamb's mother if Lamb was deported. The Board considered that her mother lives with another sister, does not rely on Lamb for financial support and was separated from her daughter for five years prior to her mother's immigration.
 
 
 10
 The Board properly considered all the relevant factors before concluding that Lamb failed to establish extreme hardship either to herself, her husband or her mother.[1] The Board's conclusion was not arbitrary and denial of the motion to reopen was not an abuse of discretion.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because the Board considered all relevant factors regarding extreme hardship and articulated the reasons for its denial of Lamb's motion to reopen, three recent cases cited by Lamb, Watkins v. INS, Nos. 91-70600, 93-70920, slip op. 10107 (9th Cir. Aug. 16, 1995), Tukhowinich v. INS, No. 93-71041, slip op. 8731 (9th Cir. July 19, 1995), and Biggs v. INS, 55 F.3d 1398 (9th Cir.1995), are inapposite